IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                              | ⑆ |                          |
| IN RE: GREGORY HARDY,        | ⑆ | Cv. No. 05-2902-B/V      |
|                              | ⑆ | Cr. No. 92-20039-Tu      |
| Petitioner,                  | ⑆ |                          |
|                              | ⑆ |                          |

---

ORDER OF DISMISSAL

---

Petitioner Gregory Hardy, Bureau of Prisons inmate registration number 14007-076, an inmate at the Federal Correctional Institution-Gilmer in Glenville, West Virginia, filed a pro se complaint on December 6, 2005, entitled "Petition for a Redress of Grievances." The petition appears to be a challenge to Hardy's conviction and sentence in United States v. Hardy, 92-20039-Tu (W.D. Tenn.).[1] The Court issued an order on January 12, 2006 directing the petitioner to show cause, within thirty days, to show cause why this case should not be dismissed for lack of subject-matter

---

[1] In 1993, a jury convicted Hardy of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846, and District Judge Jerome Turner sentenced him to 292 months of imprisonment. The United States Court of Appeals for the Sixth Circuit affirmed Hardy's conviction and sentence on direct appeal. United States v. Hardy, No. 93-6635, 1995 WL 334601 (6th Cir. June 5, 1995) (per curiam).

Hardy filed a motion pursuant to 28 U.S.C. § 2255 on April 22, 1996, and District Judge Jon Phipps McCalla issued an order on October 22, 1996 denying the motion. Judgment was entered on November 13, 1996. Hardy v. United States, No. 96-2439-Ml/Bre (W.D. Tenn.), aff'd, No. 96-6567, 1998 WL 228137 (6th Cir. Apr. 30, 1998).

Hardy apparently filed an application with the Sixth Circuit on April 6, 1999 for leave to file a second or successive § 2255 motion, and that application was denied. In re Hardy, No. 99-5452 (6th Cir. Jan. 27, 2000). Hardy filed another application with the Sixth Circuit on September 15, 2000, and that application was also denied. In re Hardy, No. 00-6320 (6th Cir. Sept. 25, 2001).

jurisdiction. The order also stated that "[a] failure to timely comply with any requirement of this order will result in the dismissal of the complaint in its entirety, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute." 01/12/06 Order at 4. On February 16, 2006, the Clerk docketed a response from the petitioner, entitled "Motion for Leave to Proceed without Prepayment of Cost," that asks the Court to assess the applicable filing fee directing from his inmate trust fund account.[2] However, the petitioner did not state any basis for federal subject-matter jurisdiction and did not take a position on whether a filing fee should be assessed and, if so, whether the $250 civil filing fee or the $5 habeas filing fee is applicable.

For the reasons stated in the January 12, 2006 order, the petition in this action does not state any basis for federal subject-matter jurisdiction and, therefore, it is DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1) & (h)(3). As the petition is not properly filed as a new civil action, no filing fee will be assessed.

The Court will also consider whether the plaintiff's filing should be treated as a motion in his criminal case.[3] Although the issues raised in the petition are difficult to decipher, it appears that all the issues could have been raised, and many were

---

[2]    As the Clerk did not scan the mailing envelope, it is not practicable to determine whether the response was timely. For purposes of this order, the Court assumes that it is.

[3]    The Clerk shall docket copies of the December 6, 2005 petition, the January 12, 2006 order, and this order in the petitioner's criminal case, no. 92-20039.

raised, on direct appeal and in his motion pursuant to 28 U.S.C. § 2255. With certain limited exceptions that are not applicable here, this Court does not have the authority to reconsider the substantive validity of the defendant's criminal conviction or his sentence. Accordingly, to the extent the filing is deemed to be a criminal motion, it is DENIED.

IT IS SO ORDERED this 21st day of April, 2006.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE